CONNALLY REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 71149. Promulgated October 16, 1934. ·

*A. W. Clapp, C. P. A.*, for the petitioner.
*Philip A. Bayer, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of
$1,092.84 in petitioner's income tax for 1930. The petitioner assails
the disallowance of a deduction of part of the cost of remodeling a
business building, occasioned by the city's raising of the contiguous
street level. The facts are stipulated in more detail than is needed
for the purpose of this opinion.

The building was erected in 1916, at a cost of $312,933.17. It
stood at the corner of two streets of different levels and had stores
fronting on both. The construction, in 1929, of a new viaduct nearby
necessitated raising one of the streets as an approach, thereby causing
serious economic damage to the building. This the city settled in
1929 by paying petitioner $25,000, of which petitioner paid $6,250 to
a lawyer. The alterations made in the building involved shifting the
entrance, constructing an arcade, and substantially rearranging the
store space and to some extent the elevators. They were completed in
1930, at a cost of $35,015.34, of which petitioner paid $20,315.45 in
1930. Of this amount, it deducted $9,376.47, said to be the excess
over the city's award, and this the Commissioner disallowed. "The
value of the property was not increased by the construction *of the
viaduct approach*. The life of the property as a whole was not pro-
longed by the change in this small part of its structure." The rents
from the building were less in 1930 than in 1927, but there is no
evidence to show whether this is attributable to the foregoing facts,
to general business conditions, or to something else.

Upon this foundation, the petitioner contends that so much of the
cost of such of the alterations as are properly attributable to the
change in street level as exceeds the award (minus attorney fees)
is deductible. Deductibility can only be established by a showing
that the outlay is within the statutory classification of " ordinary and
necessary expenses " of carrying on the trade or business. Revenue
Act of 1928, sec. 23 (a). This is attempted by petitioner by the indi-
rect argument that because the value of the building was not increased ·
or its life prolonged, the expenditure may not be called capital. It
has been said before that this argument does not prove its point.

The idea that everything which is not strictly a capital investment must be a deductible expense is unsound. Deductibility must be affirmatively established in the terms of the statute invoked, and if the item does not fit into the statutory description it may not be deducted. *New Colonial Ice Co.* v. *Helvering*, 292 U.S. 435. If this results in making the item a nondescript before the law or puts it in a vacuum abhorrent to the accountant, so it must stand. *Commissioner* v. *Field*, 42 Fed. (2d) 820. The statute may not be strained to avoid a clash with a convention of accounting thought. If a taxpayer, adhering to his accounting system, has but the alternative of either capitalizing or charging off an outlay, nevertheless his tax return must conform to the statute even if it be different from the classification of his accounts.

Considering the language of the statutory deduction and the idea which it would be commonly thought to express, such an outlay as this is clearly not within it. The circumstances were exceptional, not ordinary, and they were more than a normal incident of carrying on petitioner's business. Whether the inquiry be one of degree or of rule, the alterations can not be called mere repairs, from the standpoint of their nature, or of their relative cost, or of their duration. Treating them as a charge against the income of a single year is in disregard of the obvious theory upon which their cost was based, which was to preserve the investment for its life at its greatest yield. Manifestly an expenditure almost as large as the year's income would not have been justified unless it impinged advantageously on the operations of the future. These alterations were embodied in the whole investment. If they unduly expanded the cost beyond the hope of reasonable financial return, they were still part of the investment cost, for the character of a capital expenditure is not lost because it proves unfortunate. An unsuccessful investment may involve a loss, but it does not thereby become an expense; and as a loss it is only recognized when it is definitively realized.

Even, therefore, if we proceed along the line of petitioner's argument to consider, not whether the expenditure was a statutory expense, but whether it was capital, we should be compelled by principle to say it was, and that as part of the cost of the building it increased the depreciation base, as the Commissioner has held. The fact that value was not enhanced does not affect the principle. Many capital additions, improvements, replacements, or major renewals are necessary or compulsory despite their failure to increase the value. This does not characterize them as expense, even if the taxpayer chooses, as he may, to charge them off. Questions of accounting for the purpose of utility regulation involve different considerations, for it may be that a utility expenditure, although capital in principle, is so unwise that it may not be used to measure

the reasonableness of the utility's return to be gathered from its public rates.

The tests for determining a deductible expense are not easy to state,[1] and consist perhaps more of negation than of definition. Nevertheless, individual decision can be guided by the purpose, result, relative cost and importance, and the duration of function of the item, rather than by the inclination of the individual taxpayer to account for it as capital or to charge it off, or the fact that value or life has not been expanded. The accounting is often dictated by adventitious interests, value fluctuates with a multiplicity of elusive causes, and economic life is influenced by factors wider than cost. While such evidence may not be disregarded, it is not determinative of the application of the statute.

The Commissioner correctly disallowed the deduction claimed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TURNER concurs in the result.

ADAMS dissents.

---

[1] See Harvard Law Review, note, Vol. XLVII, p. 669 (Feb. 1934).